## LAMSON CO., Inc., v. BLAND.
### No. 5227.

Circuit Court of Appeals, Third Circuit.

Dec. 29, 1933.

Townsend & Kindleberger, of New York City (E. Crosby Kindleberger, of New York City, of counsel), for appellant.

Ellis Brodstein, of Reading, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

As pointed out by the trial judge, this case turns on three simple propositions: First, that on the adjudication of the bankrupt, the rights of the trustee were those of an execution creditor; second, the Lamson conveyor system in the bankrupt's store was a trade fixture and, therefore, personal property; third, while that system was placed in the store on a conditional sale contract, the failure of the vendor to record the sale contract, as provided by the Pennsylvania statute (Pennsylvania Uniform Conditional Sales Act [1925] May 12, P. L. 603 [69 PS § 361 et seq.]), left the system liable to seizure and sale by an execution creditor and therefore by the trustee in bankruptcy. Such being the case, the court rightly denied the reclamation petition of the Lamson Company. We affirm its decree without prejudice to the right of the claimant to present a money claim as a general creditor.